### J. G. Koehn v. Charles Tomlinson.

INSTRUCTION—*must be predicated upon evidence.* An instruction should not be given which submits to the jury a hypothetical case not supported by any evidence in the record.

Action commenced before justice of the peace. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

JOHN H. LEWMAN, for appellant.

WALTER V. DYSERT, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee was the owner of a farm which he leased to Ora Coon, for one year from March 1, 1904, at a rental of one-half of the crop, to be hauled to the elevator at Henning, without expense to appellee, and there divided. The lease also provided that said Coon should pay to appellee $112.50 on September 1, 1904, as evidenced by a certain note, a copy of which note was incorporated in the lease, the note being given for rent of pasture. In September, 1904, appellant, a grain buyer at Potomac, advanced to Coon $599 upon the purchase price of the latter's share of the corn crop to be thereafter sold and delivered to appellant.

In November, 1904, appellee, having been informed that Coon had contracted to sell his half of the corn to appellant, went to Potomac for the purpose of interviewing appellant relative to the matter. The evidence as to what was said and as to what agreement, if any, was entered into between appellant and appellee upon that occasion is inextricably conflicting. Appellee testifies that he then informed appellant, that he (appellee) had a written lease with Coon and held Coon's notes for $112.50; that he intended to hold Coon's half of the corn raised upon the leased premises for the amount due upon said note and for other rent due him; that by the terms of the lease the corn was to be delivered at the elevator in Henning, but that he (appellee) did not care where it was delivered so long as he received his rent; that appellant then told him (appellee) to haul as nearly one-half of the corn as he could to Henning, and to haul the other half to Potomac, and he (appellant) would pay appellee for the corn hauled to Potomac; that appellant stated that he regretted the matter of the note and inquired

whether it was given for that year's rent of the land and that upon appellee's statement that it was, appellant said: "Well, I will have to pay it then." Appellant testifies that appellee asked him how much money he (appellant) had advanced to Coon on Coon's half of the corn; that he (appellant) then informed appellee, whereupon the latter remarked, "Well, there is no doubt you will get your money all back and more too, because there is plenty of corn;" that nothing was said by either party about paying the Coon note; that appellee said he had a note against Coon for $112.50, which he would send to Mr. Redden at Rossville for collection. Appellant's version of the transaction was corroborated by the testimony of the witness Rice, who claims to have been present, and to have heard all that was said on the occasion.

This was a suit instituted before a justice of the peace, by appellee against appellant, to recover the amount due on the Coon note, and also the value of a certain quantity of corn in excess of one-half of the corn raised on the leased premises, which it is claimed by appellee was delivered to appellant at Potomac. Upon appellee's appeal to the Circuit Court there was a trial by jury resulting in a judgment against appellant for $200.

A question affecting the jurisdiction of the court is raised by appellant, but in view of the fact that the judgment must be reversed and the cause remanded for another trial because of the admission of incompetent evidence, and the giving of an erroneous instruction, we do not deem it necessary to now discuss and determine such question. Upon another trial an opportunity will be afforded appellee to enter a disclaimer, before verdict, as to any claim in excess of $200, and thus avoid the question now presented by the record.

Evidence as to the price per bushel, or in gross, received by appellee for the corn delivered at Henning was improperly admitted. It neither tended to show

the quantity of corn received by appellant at Potomac, nor the market value of the corn at that place. In fact, the record is barren of any competent evidence which could have enabled the jury to determine the market value of the corn at Potomac.

At the instance of appellee the court gave to the jury an instruction as follows:

"You are instructed that, if you believe from the preponderance of the evidence that the defendant Koehn prior to the delivery of the grain in question at the elevator at Henning and Potomac, had an agreement with the plaintiff with reference to the delivery of the grain and as to how much the defendant had let Koehn, the tenant, have, if any, money and that the defendant then and there informed the plaintiff of such amount, and you further believe that the defendant then and there told the plaintiff that if he, the plaintiff, would not place a $112.50 note with Redden of Rossville for collection against Coon that the defendant Koehn would retain sufficient money to pay plaintiff the amount of said note from the tenant's share of the grain raised on the farm and delivered to the defendant and that the defendant would also retain out of the excess of one-half of the grain raised and delivered to Henning and Potomac a sufficient amount of money to pay plaintiff's rent, for the use of said premises and that a greater portion of said crop than one-half of the tenant's share was actually delivered at Potomac and accepted by the defendant and that neither defendant Koehn nor the tenant Coon has paid the plaintiff the amount of said note or the unpaid balance of plaintiff's rent for said premises, then your verdict should be for the plaintiff."

It is conceded by counsel for appellee that the instruction is inaccurate in that there is no evidence in the record even tending to show that "the defendant then and there told the plaintiff that if he, the plaintiff, would not place a $112.50 note with Redden of Rossville for collection against Coon, that the defendant Koehn would retain sufficient money to pay plaintiff," etc.

It is well settled that an instruction should not be given which submits to the jury a hypothetical case not supported by any evidence in the record. C., R. I. & P. Ry. Co. v. Lewis, 109 Ill. 120; I. C. R. R. Co. v. Sanders, 166 Ill. 270. The conflict of evidence in this case calls for special accuracy in the instructions.

It is urged that the court erred in giving certain other instructions offered on behalf of appellee, and in refusing certain instructions offered on behalf of appellant, but an examination of the instructions indicated does not disclose any error in that regard. There was no error in admitting the note and lease in evidence. Appellee testified that he exhibited the note to appellant and informed him of the terms of the lease. Appellee's claim was predicated upon his rights under the lease, and the lease was competent evidence establishing such rights.

For error in admitting incompetent evidence and in giving an improper instruction, prejudicial to appellant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*